# Department of Justice Representation in Federal Criminal Proceedings

The Attorney General's statutory authority to provide legal representation to individual federal employees sued for acts occurring in the course of their official government duties does not extend to representation in a federal criminal proceeding, since in such a case the interests of the United States have been defined by the prosecuting authority to be adverse to those of the defendant.

February 11, 1982

## MEMORANDUM OPINION FOR THE GENERAL COUNSEL, DEPARTMENT OF DEFENSE

This responds to your request that the Department of Justice amend its regulations regarding representation of federal employees who are defendants in federal criminal proceedings. Current regulations prohibit representation of federal employees by Department of Justice attorneys whenever "[t]he representation requested is in connection with a federal criminal proceeding in which the employee is a defendant." *See* 28 C.F.R. § 50.15(b)(1) (1981).

Your concern over the existing policy apparently arises from a set of events involving a Navy lieutenant who was charged with violation of the Migratory Bird Conservation Act, 16 U.S.C. § 715 *et seq.* (1976 & Supp. IV 1980) a federal misdemeanor offense. The lieutenant, who was not afforded Department of Justice representation, defended himself and was acquitted. You have suggested that application of the regulation prohibiting representation in a federal criminal proceeding is inappropriate when a "low-level, statutory, strict-liability misdemeanor," such as a violation of the Migratory Bird Conservation Act, is at issue. You suggest that such a case is really more like a civil case, for which the Department of Justice routinely defends naval personnel, and that denial of representation "amounts to a prejudgment against the accused officer," in light of the potential legal fees. Thus, you recommend that the Department of Justice amend its regulations to permit representation in a criminal proceeding when the Department of Justice and the employing agency concur that the individual was acting legitimately within the scope of his or her official capacity.

The authority to represent federal employees in civil cases derives from the Attorney General's power to conduct litigation in which the United States "is interested." *See* 28 U.S.C. §§ 509, 516–17 (1976 & Supp. IV 1980). Generally, the United States is considered to have two basic "interests" in defending

153

employees who are sued in their individual capacities—or who are subject to state prosecution—for acts occurring in the course of their official government duties: (1) establishing the lawfulness of authorized conduct on its behalf is important to the government, and (2) extending legal assistance to employees tends to prevent their being deterred from vigorous performance of their tasks by the threat of litigation and the burden of defending suits. Thus, the interests of the United States are deemed to be served best by extending legal assistance to its employees when an outside party challenges conduct occurring in the course of government service.

In the case of a federal criminal prosecution, however, the interests of the United States have been defined by the prosecuting authority to be adverse to those of the defendant. Therefore, the Attorney General's authority to conduct litigation on behalf of the United States does not extend to representation of an employee being prosecuted by the United States. First, the United States can no longer be considered to have an interest in establishing the lawfulness of the employee's conduct, which it seeks to prove unlawful. Second, the federal government does not have an interest in relieving its employees of the threat of *federal* prosecution, as it does in relieving them of the threat and burdens of outside litigation. To the contrary, the governmental interest is in securing compliance with its own laws. Even in a civil suit, the interests of the United States will not justify representation of an employee if the employee is suing or being sued by the United States. See 28 C.F.R. § 50.15(b)(4) (1981). Thus, even if a violation of the Migratory Bird Conservation Act were treated as a "civil" offense for purposes of representation, as you suggest, Department of Justice attorneys could not represent the federal employee. In sum, representation of federal employees is undertaken not to protect the personal interests of the employees, but to protect the interests of the United States. Therefore, when the interests of the United States have been determined to be adverse to the interests of one of its employees, the Attorney General's authority to represent the United States cannot extend to representation of that employee.

You have suggested that (1) criminal charges not be brought against a government official for conduct taken in his or her official capacity without first determining the employing agency's position, and (2) if the agency and the Department of Justice agree that the employee was acting legitimately within the scope of his or her official authority, that the Department of Justice represent the employee in a subsequent criminal proceeding. Essentially, this would provide for the same procedure now mandated when determining whether or not to authorize representation in civil litigation. For the reasons explained above, however, the Justice Department could not in any event agree to represent an employee subject to federal prosecution. Thus, the consultation suggested could not achieve the result you seek. Furthermore, we believe that it would be inappropriate to require formal consultation with a federal employee's agency before bringing criminal charges. Such a rule would give federal employees a favored status over other subjects of criminal investigations.

154

We do not mean to suggest, however, that investigators do not seek to obtain information from the employee's agency. To the contrary, a federal criminal investigation of events occurring in the course of official duties normally would entail considerable contact between the Justice Department and the involved federal agency. If, for some reason, the Justice Department investigators fail to obtain all the relevant information from the employing agency, that agency of course may come forward with the information that it believes is relevant. The ultimate decision to prosecute, however, must remain with the Justice Department. Once that decision is made, Justice Department representation of the employee-defendant becomes inappropriate. This represents not merely a policy decision, but a statutory construction of the representation authority vested in the Attorney General, and we therefore do not believe that the regulations can be amended as you suggest.

I am sympathetic to the arguments that you have made, particularly in light of the specific incident recited in your letter. Of course, it would be inappropriate for me to express any judgment concerning the handling of that case, or the decision to prosecute under the facts there present. However, I do think that the best resolution to the point that you make would result if the "surrounding circumstances [are] carefully evaluated in each case" at the stage where the decision to prosecute is made. I recognize that no system or policy position is foolproof, but in light of the important concerns underlying the existing policy, I am not inclined to recommend a change in basic policy simply because anomalies may occasionally occur. Rather, I would hope that the exercise of proper good judgment and prosecutorial discretion would take care of the isolated situation in which the established policies would otherwise appear to work an injustice.

THEODORE B. OLSON
*Assistant Attorney General*
*Office of Legal Counsel*